## Southeastern Greyhound Lines v. Webb.

May 19, 1950.

J. J. Tye, Special Judge.

72

Stoll, Keenon & Park and Joseph Beasley for appellant.

Astor Hogg for appellee.

JUDGE REES—Affirming.

The appellee, George Webb, recovered a judgment for $1,000 against the Southeastern Greyhound Lines for injuries which he alleged he received when a bus in which he was a passenger collided with a truck. Webb purchased a ticket from Harlan to Louisville, and boarded the bus at Harlan about 11:30 p. m. on December 5, 1947. He changed buses at Pineville and Corbin. The accident happened north of Corbin about 6:30 a. m., December 6. It was a foggy morning, and the visibility was limited to 50 or 60 feet. The bus, traveling, at a speed variously estimated at 30 to 50 miles an hour, overtook a truck on a down grade, and in attempting to pass struck the truck. Most, if not all, of the passengers were knocked from their seats to the floor of the bus by the force of the impact, but appellee was the only passenger who claimed at the time or afterwards that he was injured. He testified that he was knocked from his seat, his head striking the side of the bus and then the foot rest between the seat occupied by him and the seat in front of it. Three fellow passengers testified that appellee was knocked forward and was on the floor of the bus after the accident. The truck, which was loaded with tobacco, was knocked off the road and overturned. There was evidence that the driver of the bus sounded the horn when he approached the truck from the rear; that the truck driver pulled to the right of the center line of the road as if to permit the bus to pass, but swung back to the center of the road, and the bus driver headed the bus into the rear of the truck to avoid going off the road. It is argued that there was no evidence of negligence on the part of the bus driver, and that appellant's motion for a directed verdict in its favor should have been sustained.

There was proof that the bus was traveling down

grade in a heavy fog at a speed of 45 or 50 miles an hour when the accident occurred. We think that under all the circumstances it was for the jury to say whether the degree of care required of a common carrier was observed on the occasion in question.

It is also argued that appellant's motion for a directed verdict should have been sustained because there was no evidence that appellee was injured as a result of the collision. There was sufficient evidence in this respect. Appellee testified that he had suffered pain in the back of his neck continuously since the accident, and that he had headaches in the occipital region of his skull which he never had before the injury. Dr. Turner Howard of Knoxville, Tennessee, examined appellee on February 7, 1949, more than a year after the accident and after this suit was instituted on December 3, 1948. He testified that appellee gave him a history of the case. It was his opinion that the symptoms found by him and described by appellee could have resulted from the accident. He testified in part:

"Q. Now Doctor, as I understand you found no objective evidence of injury? A. I don't believe that is correct, exactly. I mean in all fairness, I think there were objective findings that could have been caused by the injury. Q. What objective findings did you discover? A. I discovered tenderness and spasm in the muscles of the neck for one thing, and of course the hypertension, which may or may not have any relation to the accident. I am not going to commit myself on that feature of it, because nobody could be sure on that. Q. So your objective findings were limited to the high blood pressure and tenderness in the neck? A. And also tenderness in the back and the costovertebral angles."

By agreement, a written statement of Dr. Clarence D. Hawkins of Louisville was read as his deposition by appellant. Dr. Hawkins said in the statement that appellee came to him on November 26, 1948, for examination, including X-Ray. The X-Ray picture was negative for fractures or luxations, and he stated as his impression: "The pain and discomfort he complains of could be due to an old sprain of ligaments and soft tissues in sacroiliac region." Dr. Willard Buttermore testified that he examined appellee on January 25, 1949, and that appellee complained of tenderness at the base of

his skull, but the witness found no objective symptoms of any injury.

The only evidence offered by appellant was the testimony of Dr. Buttermore and the statement of Dr. Hawkins.

It is argued that the testimony of Dr. Howard was incompetent because it was based on statements made to him by appellee which were self-serving. The general rule is that a physician who examines a patient for the purpose of treatment may testify as to what the patient stated in giving a history of the case, but will not be permitted to do so where the examination is made for the purpose of qualifying the physician as a witness. Equitable Life Assurance Society of United States v. Spencer, 262 Ky. 478, 90 S. W. 2d 704, and cases cited therein. Dr. Howard testified that he had been treating appellee's wife, and that nothing was said about his being a witness in the suit then pending. He presumed Mrs. Webb had prevailed on her husband to come to him for an examination. Later the attorney for appellee, through Mrs. Webb, obtained a report from Dr. Howard as to the result of the examination made by him and his deposition was then taken. There is no evidence that the examination was made for the purpose of qualifying Dr. Howard as a witness, and the court properly overruled the objections to his testimony.

The court gave four instructions offered by plaintiff and three, including one on sudden emergency, offered by the defendant. Appellant's chief criticism is directed to Instruction No. 1 because it failed to define the duties of the driver of the bus after telling the jury they should find for the plaintiff if they believed he was injured by reason of the collision between the bus and the truck, and the collision was caused by the negligence of the bus driver. The duties of the driver of the bus were set forth in Instruction No. 2, and the jury could not have been misled because these duties were omitted from instruction No. 1. The instructions are substantially the same as the instructions approved in McGraw v. Ayers, 248 Ky. 166, 58 S.W.2d 378, and found in Stanley's Instructions to Juries, section 253.

In view of the testimony of appellee and Dr. Howard, the verdict is not excessive. If appellee's testimony

is true, he was injured severely and had suffered continuously for more than a year at the time of the trial. His credibility was a question for the jury.

The judgment is affirmed.